Henry C. Sayers, Appellant, *v.* Nancy Phillips.

*Ejectment—Question for jury—Assignment for creditors—Parol parti-
tion.*

The question is for the jury where the evidence, if believed, established
the facts that the defendant, wife of the assignor, acquired a vested inter-
est in the land in controversy, through part payment of the purchase
money, and the extent of her interest was defined by a parol partition of
the land in controversy, before an assignment for creditors; that in the
sale by the assignee this interest was excepted; that the deed by the as-
signee shows conclusively that it was not conveyed to the purchaser at
the sale; that notice of claimant's interest was given at the assignee's
sale, and that the defendant held possession continuously from the time of
the parol partition until the trial.

*Assignee's sale—Notice actual and constructive of claims.*

An assignee's sale under an order of court is a judicial sale, to which
the rule of caveat emptor applies; and a purchaser is affected, as at other
judicial sales, by notice of claims given; and if a claimant is in possession,
under his claim at the time of sale, such notice will also affect one who
buys from the purchaser while the claimant remains in possession.

Argued April 20, 1897. Appeal, No. 130, April T., 1897, by plaintiff, from judgment of C. P. Greene Co., June T., 1894, No. 28, on verdict for defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Ejectment. Before CRAWFORD, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was (9) in refusing plaintiff's sixth point, which point is as follows : " 6. Under all the evidence in this case the verdict of the jury must be for the plaintiff for the land in dispute."

*Jas. E. Sayers*, for appellant.—The record notice was not such as the law requires. The deed or grant itself shows that the wife is estopped. The foot-note was not a part of the grant. It was unsigned. It was not actual and circumstantial to the transaction : Massey v. Noon, 1 Pa. Superior Ct. 198 ; Wilson v. McCullough, 23 Pa. 440 ; Rowe v. Ream, 105 Pa. 543.

An act innocent in the intention may be so injurious in the consequences that the law declares it to be a fraud and forbids it : Kisterbock's Appeal, 51 Pa. 483.

He acts fraudulently who secretly changes a state of affairs and then suffers another to do an act in which the true state of affairs enters as a motive : Lancaster County Bank v. Albright, 21 Pa. 228.

Agreeing to help a person buy a farm is something entirely different from agreeing to join him in the purchase : Nixon's Appeal, 63 Pa. 279.

The court erred in refusing to give a binding charge for the plaintiff under all the evidence in the case. A resulting trust is a legal title in the sense in which it must be used in this case because it is the title to be relied upon to support the parol partition alleged. The reason of this is that the "partition is not an acquisition or purchase of land nor is it in any proper sense a transfer of title to land ; it is a mere setting apart in severalty of the same interest held in common, not in other but in the same lands :" McKnight v. Bell, 135 Pa. 358 ; Ott v. Oyer's Executrix, 106 Pa. 6 ; Howell v. Mellon, 169 Pa. 138.

It is the notoriety of change of possession more than anything else that takes the case out of the statute of frauds. Every presumption is against the claimant under such a state of facts: Ackerman v. Fisher, 57 Pa. 57.

The proofs of parol partition are wanting in definiteness and certainty: Howell v. Mellon, 169 Pa. 138.

"Stripped of the gloss which has been thrown around the case, it is merely that of a married woman who permits her husband to take the title in his own name; allows him to retain the title and exercise acts of ownership over it for ten years, and until he becomes insolvent, and then sets up her secret, equitable title to defeat the claim of his honest creditors. Such a transaction may be well likened to a pirate ship at sea, which hoists friendly signals to lure unsuspecting vessels within its reach and then displays the black flag. . . . The time has gone by for treating a married woman like a spoiled child who cries for her rattle:" Light v. Zeller, 144 Pa. 608–9.

*J. W. Ray* of *Ray & Axtell*, with him *F. W. Downey*, for appellee.—It is a well-established principle of law that it is always competent to introduce parol testimony to change, vary, contradict or totally avoid a written instrument where it clearly shows that but for oral stipulations and assurances, made at the time of or immediately before the execution of the written instrument, the said written instrument would not have been executed: Thomas & Sons v. Loose, 114 Pa. 35; Phillips v. Meily, 106 Pa. 536; Lippincott v. Whitman, 83 Pa. 244; McGinity v. McGinity, 63 Pa. 38; Wanner v. Landis, 26 W. N. C. 529.

The law made it the duty of the defendant to give warning of her title to prospective purchasers. Having so given the notice it was incumbent on prospective purchasers, if not satisfied with the form or definiteness of the notice to propound questions to the claimant and ascertain what title or interest is claimed before they purchase: Ferguson v. Rafferty, 128 Pa. 337; Biddle v. Moore, 3 Pa. 161; Sergeant v. Ingersoll, 7 Pa. 340.

It is the duty of purchasers of real estate to make inquiry respecting the rights of parties in possession, and failing to do so, they are affected with constructive notice of such facts as would have come to their knowledge in the proper discharge of that

duty: Jamison v. Dimock, 95 Pa. 52; Leach v. Ansbacher, 55 Pa. 85; Lord's Appeal, 105 Pa. 451.

Where the wife is the real owner of the land, although the legal title is in the husband, still she is considered the one actually in possession: Miller v. Baker, 160 Pa. 172; Sill v. Swackhammer, 103 Pa. 7.

The declarations of persons, while in possession of the premises, against his title, are always admissible, not only against him, but against those who claim under him: Gibblehouse v. Stong, 3 Rawle, 437; McIldowny v. Williams, 28 Pa. 492; Ankrim v. Woodward, 4 Rawle, 345; Musser v. Gardner, 66 Pa. 242.

Where the question at issue is as to a resulting trust, the declarations of the holder of a legal title, that the money of another paid for the land and that the holder of a legal title is a mere trustee, are competent: Lloyd v. Carter, 17 Pa. 216; Behm v. Molly, 133 Pa. 614.

The most common instances of resulting trusts are between husband and wife, where the wife's money pays for the land, but the title is taken in the name of the husband. A resulting trust springs from a husband's purchase of land in his own name with his wife's money: Henderson v. Maclay, 5 Cent. 225; Hay v. Martin, 13 Cent. 217; Coder v. Huling, 27 Pa. 84; Heath v. Slocum, 115 Pa. 549; McLaughlin v. Fulton, 104 Pa. 161.

As to whether the defendant has made out a resulting trust is a question for the jury, and it was the duty of the court to leave it for the determination of the jury, as was done in this case: Hay v. Martin, 14 Atl. Rep. 333.

Parol partition carried into effect by marking a division line and taking possession of the respective purparts is good, notwithstanding the statute of frauds: Rider v. Maul, 46 Pa. 376; Rhoads' Estate, 3 Rawle, 420.

The question as to whether there has been a parol partition or not is for the jury: McKnight v. Bell, 135 Pa. 358; McKnight v. Bell, 168 Pa. 50; Wolf v. Wolf, 158 Pa. 621.

The husband was not a claimant at all, but testified in her favor: Evans v. Evans, 155 Pa. 572.

If the facts alleged are sufficient, if satisfactorily established, yet the evidence in relation to them is conflicting, or the cred-

ibility of witnesses is involved, and the conflicting testimony is
of such a character that he can conscionably sustain a verdict
either way, as the jury may find, the case should go the jury
with careful instructions, to turn upon their findings of dis-
puted facts: Hess v. Calender, 120 Pa. 138.

OPINION BY SMITH, J., July 23, 1897:

The land in controversy is part of a tract which was conveyed
to Thomas H. Phillips, the husband, and George W. Phillips,
the stepson of the defendant, by deed dated September 30, 1875.
The grantees by deed dated June 26, 1885, in which their wives
joined, conveyed all the land to assignees for the benefit of
creditors. Under an order of the common pleas, the assignees,
August 13, 1887, made public sale of the tract to E. M. Sayers,
who by deed dated December 30, 1892, conveyed it to the plain-
tiff. This action is brought to recover a part of this tract, de-
scribed as containing about twenty-five acres, of which the
defendant holds possession.

It is contended, on the part of the defendant, that she ac-
quired an equitable interest in the land conveyed to her hus-
band and his son, through the payment, by her father, of $500
of the purchase money, under an agreement to which the hold-
ers of the legal title assented; that, under a parol partition
contemplated by this agreement, a portion of the land, contain-
ing twenty acres or thereabouts, was set off to her by a line
clearly indicated, and in part defined by a fence, to be held by
her in severalty as the portion to which she was entitled; and
that she has ever since held possession of the land thus allotted
to her. This is the portion here in controversy.

The court below instructed the jury that if they found that
the defendant "had a vested title in that land, or a vested right
in the land, under this parol partition before the execution of
that deed (of assignment), and if that land was sold subject to
that interest, the purchaser would take no title to the interest
of this defendant."

There was no error in this. The vital questions in the case
were whether the defendant had a separate interest in the land,
and whether that interest had, through the assignees' sale,
passed to the plaintiff. These questions the jury found in her
favor. The evidence, believed as it was by the jury, fully war-

ranted the verdict. It shows that the interest of the defendant, at the time of the original purchase, was stipulated for by her father; that it was paid for by him; that though her name was omitted in the deed it was agreed by her husband and his son that her interest should be preserved to her; that she had no creditors; that before signing the deed of assignment she carefully stipulated that it should affect only her dower interest in her husband's estate, and was led to believe that this purpose was secured by a postscript to the instrument; that at the assignees' sale she gave notice of her interest, and forbade its sale; and that the assignees and the auctioneer announced that her interest was excepted or reserved from the sale. Finally, the deed from the assignees to the plaintiff's grantor, by its express terms, conveys only "all the estate, right, title, interest, property, claim or demand whatsoever, which were of the said Thomas H. Phillips and George W. Phillips at or before the date of the deed of the voluntary assignment aforesaid, of, in, to or out of all" the land described in the conveyance to the assignees; with an habendum limiting in like manner the estate conveyed. Under these circumstances the case was for the jury: Wanner v. Landis, 137 Pa. 61.

The verdict established the fact that the defendant had acquired a vested interest in the land in controversy before the assignment; the evidence indicates that in the sale by the assignees this interest was excepted; and the deed by the assignees shows conclusively that it was not conveyed to the purchaser at that sale. The defendant also held possession of this land continuously from the time of the parol partition until the trial of the cause. This possession was constructive notice of her interest: Sill v. Swackhammer, 103 Pa. 7; Miller v. Baker, 160 Pa. 172; Hottenstein v. Lerch, 12 W. N. C. 4; Jackson v. McFadden, 4 W. N. C. 539. This constructive notice was supplemented by actual notice at the sale. An assignees' sale under an order of court is a judicial sale, to which the rule of caveat emptor applies; and a purchaser is affected as at other judicial sales by notice of claims then given: Leard's Estate, 164 Pa. 435. And if the claimant is in possession, under his claim, at the time of sale, such notice will also affect one who buys from the purchaser while the claimant remains in possession: Hottenstein v. Lerch, supra; McLaughlin v. Fulton, 104 Pa. 161.

It is not necessary here to determine in all its aspects the effect of the deed of assignment on this interest; it is sufficient that the sale and conveyance by the assignees and their grantee has given the plaintiff no title to it, and that therefore he cannot recover it in this action.

The assignments of error need no further discussion. They are overruled and the judgment is affirmed.