## Lizzie Rodovinsky, by her father and next friend, Jacob Rodovinsky v. Roxford Knitting Company, Appellant.

*Practice, Superior Court—Pleadings—Assignments of error.*

Adequate pleadings are as necessary in the appellate courts as in the courts of first instance. The assignment of errors, when filed, constitutes the declaration of the appellant and specifies the errors alleged to have been committed by the trial court. Each error must be specified separately and distinctly, and to these the appellee should plead or demur, as the circumstances may warrant. In this way questions are properly presented for review.

An appellate court may, in its discretion, consider jurisdictional or other fundamental errors apparent on the face of the record, though unassigned ; but errors not thus manifest, though they might be adjudged fatal if properly brought to notice, will not be considered unless specifically assigned.

*Practice, Superior Court—Defective assignment.*

An assignment of error is defective which is based on an exception as follows : "Exception for defendant to the charge of the court submitting the case to the jury at all to find in favor of the plaintiff, and on this the entire charge is assigned for error."

*Practice, Superior Court—Assignment of error—Rules of court.*

An assignment of error is defective and violates Rule XVII. which does not quote the full substance of the bill of exceptions, and indeed exhibits no exception. When the rejection of evidence is assigned for error, the assignment should show that the ruling was excepted to. It is not enough that this may be indicated by the notes of evidence.

Argued Oct. 7, 1897. Appeal, No. 14, Oct. T., 1897, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1896, No. 156, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Trespass for personal injury.

The facts sufficiently appear in the charge of the court below as follows : This is a suit brought by Miss Lizzie Rodovinsky against the Roxford Knitting Company to recover damages which she claims she has sustained by reason of the negligence of the superintendent or officers of that company.

As I have very often had to say to you in these cases, it is not enough for the plaintiff to show she has been injured ; she must go further and show that the accident has been caused by reason of the negligence of the defendant.

In this case it appears this young woman was a skilled employee, nineteen years of age, and had been in the employ of this company a year and four months, and thus she would stand in the place of an adult, for whose injuries the defendant would not be responsible, because she took the risk of her employment ; and, therefore, if this young woman had been injured by the ordinary workings of the machinery while it was in motion the defendant would be in no way liable, but she infers their liability from another principle—she alleges she was running this machine and found it was running at too slow or too fast a speed, and was out of order in that respect, and that she complained more than once to the superintendent, and asked him to have it fixed, being afraid, as she says, to work it as it was, and that the foreman then promised he would have it at-

tended to, and induced her to go on, but it was never attended to, and in consequence she was injured.

Now this is the case she must establish to your satisfaction —that she made complaint that this machine was out of order, that it was not attended to, and in consequence she sustained the injury she complains of. If you should consider she has not established these facts that would be the end of the case. If, on the other hand, you think she had made this complaint and it was disregarded, as she says, then you would have to decide what compensation ought to be given her for the injuries she has sustained. You have seen the injury, and it is patent from looking at her hand what injuries she has suffered, and you have a right to consider that; you have a right to consider the pain and suffering she has undergone, the loss of business, and any other injury of that character growing out of such a wound. All these things you have a right to consider; but, of course, you must consider them from a business standpoint, and not from any sentiment you may feel towards her. You must consider this question as business men. We all know that Philadelphia is a great manufacturing center, and that it is a great advantage for manufacturers to employ labor at a reasonable rate, and it is a great advantage to men having large families to put their children in these factories to earn money towards their support, and therefore these people are not to be looked upon as enemies of the human race. You must look at it in this way; you must come down to look at it from a business standpoint as business men, as if it had happened in your employ. You must consider the question carefully, as if it were a matter of business you were involved in, and arrive at what you think would be a fair and reasonable compensation for the injury received and the suffering undergone.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* were (1) In submitting the case to the jury at all to find for the plaintiff and charging the jury as follows: Reciting the charge of the court as above. (2) In sustaining the plaintiff's objection to the defendant's offer to prove that previous to the occasion of the plaintiff's injury she had cleaned the machines while in motion, and to prove her habits so to do.

*George L. Crawford* of *Crawford, Loughlin & Dallas,* for appellant.—On the question of contributory negligence, cited Fick v. Jackson, 3 Pa. Superior Ct. 378; Marean v. Railroad Co., 167 Pa. 220; Reese v. Clark, 146 Pa. 465; Odell v. Railroad Co., 120 N. Y. 323.

*Isaac I. Sharp* of *Sharp & Alleman,* for appellee.

OPINION BY SMITH, J., November 8, 1897:

Adequate pleadings are as necessary in the appellate courts as in the courts of first instance. The assignment of errors, when filed, constitutes the declaration of the appellant and specifies the errors alleged to have been committed by the trial court. Each error must be specified separately and distinctly, and to these the appellee should plead, or demur, as the circumstances may warrant. In this way questions are properly presented for review: Burkholder v. Stahl, 58 Pa. 371; Armstrong's Appeal, 68 Pa. 409. An appellate court may, in its discretion, consider jurisdictional or other fundamental errors apparent on the face of the record, though unassigned; but errors not thus manifest, though they might be adjudged fatal if properly brought to notice, will not be considered unless specifically assigned: Anderson v. Long, 10 S. & R. 55: Uplinger v. Bryan, 12 Pa. 219; Hutchinson v. Campbell, 25 Pa. 273; Arthurs v. Smathers, 38 Pa. 40.

The assignment in the present case contains two specifications. The exception on which the first is based is the following: "Exception for defendant to the charge of the court submitting the case to the jury at all to find in favor of the plaintiff;" and on this the entire charge is assigned for error.

Both the Supreme Court and this court have discountenanced the practice of assigning the entire charge for error, without specifying the ground of complaint. Nearly half a century ago, the Supreme Court said: "The fourth error assigned, to wit: that the court erred in their charge to the jury generally, is no assignment of error at all. If the party cannot put his finger upon some error and specify it, we take it for granted that he cannot find any:" Zerbe v. Miller, 16 Pa. 488, COULTER, J. A similar view repeatedly appears in later cases. How such an assignment has been regarded by this court is shown in Com. v. Swayne, 1 Pa. Superior Ct. 547, and in Taylor v. Sattler, decided

in the present term (to be reported in 6 Pa. Superior Ct.). Its defects are strikingly exhibited in the case before us. The charge embraces the views of the court below in relation to the alleged negligence of the defendant, the plaintiff's assumption of the risks of the employment, the effect of the plaintiff's alleged complaint of defects in the machinery used, and the defendant's alleged promise of remedy; in general, the matters to be established to entitle the plaintiff to recover, and to be considered in estimating the damages in the event of her right to recover. An assignment, in gross, of the charge on all these points as erroneous, is a flagrant violation of Rule XV., which requires that "Each error relied on must be assigned particu- ularly, and by itself. If any assignments embrace more than one point, or refer to more than one bill of exceptions, or raise more than one distinct question, it shall be considered a waiver of the errors so alleged." In the present case, neither specifically nor by description are the errors complained of indicated. The assignment includes every point involved and every question embraced in the charge; and as it makes no discrimination among these, it can be understood only as alleging error in the instruction respecting each. Further than this, it includes, without specification, all possible errors of omission, of bias, of misrecital of evidence, and of inadequacy in any respect. Un- der the rule, its inclusion of all that might, for any reason, be complained of, must be regarded as a waiver of the errors thus indefinitely alleged.

There are other aspects of this assignment, but they are equally untenable. If construed as alleging error "in submit- ting the case to the jury to find in favor of the plaintiff," it must fail, because the case was not so submitted. The court dis- tinctly instructed the jury as to the matters which the plaintiff must establish to their satisfaction, with the further instruction that unless these were established "that would be the end of the case." If construed as alleging error, not in the manner of submitting, but in "submitting the case to the jury at all," it has nothing to stand on, since there was no request to take the case from the jury. In this view, the assignment can be re- garded only as in substance alleging that the court erred in not directing a verdict for the defendant; but in the absence of a request for such direction this affords no ground of complaint.

The second assignment was practically abandoned for insufficiency at the argument.   It violates Rule XVII. in not quoting the full substance of the bill of exceptions, and indeed exhibits no exception.   When the rejection of evidence is assigned for error, the assignment should show that the ruling was excepted to.   It is not enough that this may be indicated by the notes of evidence, as in the present instance it appears to be, though somewhat obscurely, from the unusual method of printing it. The assignment must be self-sustaining, and contain in substance the bill of exceptions on which it is based.   In the absence of this, there is nothing to entitle it to consideration.

The record disclosing no error, the judgment is affirmed.