# Johanna DeRoy et al. *v.* James F. Richards, Appellant.

*Trusts and trustees—Conduct of business in trust for wife and children.*

That the conduct of a business may be intrusted to a man in trust for his wife and children is well settled and granting that such trustee, also plaintiff's debtor, had exclusive possession and dominion over the property levied on as his, this fact will not defeat the operation of the trust in the absence of fraud, or of claim of personal ownership or of denial of title of cestui que trust.

*Married woman—Husband's creditor—Trust estate of wife—Burden of proof.*

The duty of a married woman claiming against her husband's creditors, to show that her claim is for a consideration growing out of her separate estate, is not applicable where she claims under a trust; in such case she can only be held to proof of the trust and good faith in its creation and execution.

*Practice, Superior Court—Rules of court—Defective assignments.*

Specifications of error are defective as not in accordance with Rules XV. and XVII., where the testimony nowhere appears in the assignments, nor is the name of the witness who testified on the subject or the page of the paper-book given, and where these rules are not complied with, the specifications will not be considered.

*Evidence—Accommodation paper—Fraud.*

Where fraud is the gravamen of the action, the question whether a note sued on was accommodation paper or given in the business of the trust for which the maker was trustee, becomes pertinent to the issue.

*Promissory note—Representative character of maker.*

The rule is that the name of the principal intended to be charged must appear on the paper. If it be intended to charge a maker or indorser in a representative capacity, this must be indicated with reasonable certainty, so that subsequent purchasers and indorsers may be informed of the fact. This does not preclude proof that the note was given by a trustee in the business of the agency or of the trust when the action remains between the parties to the contract.

Argued April 27, 1898.     Appeal, No. 183, April T., 1898, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1896, No. 873, on verdict for plaintiff.     Before WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.     Affirmed.

Trespass.     Before STOWE, P. J.

It appears from the evidence that the National Bank of North America, of New York city, before maturity, in the usual course of business, discounted a promissory note made by E. De Roy, Tr., for $220.40.     Judgment was obtained upon this note, execution issued, and defendant levied upon certain goods in a store in Pittsburg.     Thereupon plaintiff, DeRoy's wife, gave notice that the goods belonged to herself and her children. The sheriff sold the goods notwithstanding this notice, and the action of trespass is brought by the wife and children against the sheriff.     Plaintiffs claimed under an alleged deed of trust executed in 1882, whereby it was alleged that friends of De Roy when he failed in business, had contributed moneys to be used in business for the benefit of his family; that these moneys were used in this business; that considerable profit had been realized; and that all the property thus realized belonged to the wife and children.     The defendant claimed that the trust arrangement was a scheme to defraud creditors, but that even if honest in its inception, the manner in which the business had been carried on was a fraud upon creditors, there being no notice of the trust and E. DeRoy being in possession of the property and conducting the business as his own.

On the trial of the case plaintiffs did not produce the trust agreement, but introduced evidence tending to show its loss, and under objection were allowed to prove its contents by secondary evidence. In attempting to prove the paper, witness was allowed to read from the deed book from the recorder's office what purported to be a copy, and then tell the contents of the trust agreement. The deed book had been excluded for the reason that the alleged paper was not a paper within the recording acts.

The court charged the jury that if the trust was honestly created the jury must find for the plaintiffs.

Verdict and judgment for plaintiffs for $320. Defendant appealed.

*Errors assigned* were (1–3) in admitting secondary evidence to prove the alleged trust agreement, because the ground for the introduction of secondary evidence was not properly laid. (4, 5) In admission of testimony as to the contents of the paper after reading copy in the recorder of deeds' book. (6) In admission of testimony as to whether the money loaned to E. DeRoy as trustee had been repaid. (7, 8) In allowing the plaintiff to show that the note upon which the claim of the execution creditor was founded was an accommodation note. . (9) In permitting the following question to be answered, E. DeRoy being on the stand: "Q. Did the trust estate of which you were trustee receive any benefit from that note?" (10) In charging the jury as follows: "But when we come to consider the evidence further, it shows that this was not a note given in connection with the transaction of the business, and therefore it having been an accommodation note and given by him in a way that he had no right to give it, so as to bind the trust, if you are satisfied that the property there was the wife's and not his, the plaintiffs are entitled to recover damages in this case to the extent of the injury done by the levy of the sheriff." (11) In charging the jury as follows: "I presume you have come to the conclusion that there was such a deed of trust as claimed by the plaintiffs, that the money was advanced in pursuance of that deed of trust and was paid back to the donors after a series of years, four or five, or whatever length of time it was, and that the business was carried on apparently by

Emanuel DeRoy with the letters Tr. in small characters after his name on the sign, and that he did business generally as Emanuel DeRoy, Tr." (12) In charging the jury as follows: "Then the whole question comes to this: If you believe that there was such a trust, that it was given by parties who had a right to have the money placed for the benefit of the wife and children, the law allows just such a trust as this to be created, and the man's friends or the wife's friends may come to his relief, and for the benefit of his wife and children, advance money for the purpose of carrying on the business, and either provide that the money be paid back to them if enough is made out of it, or provide that the whole may go to the wife, and that the business shall be carried on for the use of the wife and children by the husband, the party in whose hands the property is left. So that the transaction, so far as the appearance of things is concerned, indicates nothing upon the face of it that would be any violation of law." (13) In charging the jury as follows: "If you do not come to that conclusion, if the evidence does not lead you to believe that this trust was gotten up in bad faith and was a fraud or intended to be a fraud upon the creditors, then the plaintiffs are entitled to a verdict." (14) In the answer to plaintiff's second point, which point and the answer thereto are as follows: "2. That the trustee appointed under the deed of trust to carry on the business, to buy, trade, barter and sell cannot make accommodation paper, either as maker or indorser in the absence of express authority for that purpose. *Answer:* That is affirmed. Striking out the word 'express,' it may be implied. But without authority to do so, he has no authority, and there is no evidence of any authority in this case of any kind." (15) In its answer to plaintiff's third point, which point and the answer thereto are as follows: "3. If the jury believe that the trustee acted in this case in his individual capacity, then the estate which he holds in trust is not chargeable with his act, he having acted outside of the scope or authority vested in him by the trust deed creating the trust. *Answer:* That is affirmed, if you believe there was such a trust made in good faith and carried out in good faith, as claimed by the plaintiff." (16) In its answer to plaintiff's fourth point, which point and the answer thereto are as follows: "4. If the jury believes that the trustee,

Emanuel DeRoy, assumed control of the property, subject to all the conditions and limitations of the trust, he may not alter nor dispense with any of them, nor impose new conditions and powers; and if the trustee violates his instructions or exceeds his authority, he does so at his own peril. *Answer :* Affirmed. The party acting as the trustee of another is bound by the limitations of the trust, and if he undertakes to bind the trust estate beyond the powers given him, he makes himself liable, but he cannot make the estate liable in this way." (17) In its answer to plaintiff's seventh point, which point and the answer thereto are as follows : " 7. Where the property of the ward is in the possession of the agent or trustee, and it is levied upon and sold as the property of the agent on a debt of the latter, the principal may maintain trespass against the sheriff, notwithstanding the fact that the agency was disclosed or undisclosed to the execution creditor. *Answer :* That is affirmed. When the sheriff undertakes to sell property upon execution, he has to take care that he does not sell the property of somebody else, and if he has notice that the property belongs to somebody else, but undertakes to sell it, and it turns out to be the property not of the defendant in the execution, but of somebody else, he is liable for the property he does sell."

*A. Leo. Weil,* with him *Chas. M. Thorp,* for appellant.—The conduct of this alleged trust was fraudulent under the rule established by an undeviating line of decisions beginning with Clow v. Woods, 5 S. & R. 275.

We contend that it was plainly error for the court below to instruct the jury in this case, that if they did not believe there was a scheme between DeRoy and his wife to defraud creditors in the making of the trust deed in 1882, they should find for the wife : Janney v. Howard, 150 Pa. 339.

Our position is as follows : Conceding for the purpose of the argument, without admitting, that the alleged trust agreement was proved, and was honest and free from actual fraud, and that the title to these goods was undoubtedly in the wife and children, it appeared that the business was being conducted by DeRoy in his own name, he being in possession and the ostensible owner. Under these circumstances, the bank discounts DeRoy's promissory note for value, without any other

notice as to the ownership of the goods than that indicated by possession. Under such circumstances, we contend the title of the wife and children is plainly void as to the bank.

In Pennsylvania the doctrine which protects a bona fide creditor even goes to the extent of making it the duty of the court to give binding instructions in favor of such creditor, where personal property is in the possession of the debtor, without anything to put the creditor upon notice of the claim of title by the true owner: Clow v. Woods, 5 S. & R. 275; Stephens v. Gifford, 137 Pa. 219; Janney v. Howard, 150 Pa. 339; Brawn v. Keller, 43 Pa. 104; Brunswick v. Hoover, 95 Pa. 508; Farquhar v. McAlevy, 142 Pa. 233; Caulfield v. Van Brunt, 173 Pa. 432.

The misconception of law of which defendant especially complains, lies in this: By the charge of the court nothing was submitted to the jury but fraud in creating the trust in 1882, thus ignoring the fifteen years of fraudulent dealing by the trustee with the trust estate, with the concurrence of the cestui que trustent. The learned judge below very properly refused to allow an alleged record of the paper to be offered in evidence for this reason. It is plain, then, that there was no notice from the record: Filter v. Shotwell, 7 W. & S. 14; Hellman v. Hellman, 4 R. 440; Maul v. Rider, 59 Pa. 167.

The only evidence, then, of notice, is the miserable makeshift of the letters Tr., which, instead of being a frank and honest attempt to communicate notice, was rather an effort to disguise and conceal the alleged trust.

The act of an agent binds his principal, even if in excess of his authority, if the act is within the scope of the apparent authority of the agent: 1 Am. & Eng. Ency. of Law, 410; Brooke v. Railroad Co., 108 Pa. 529.

It is an elementary principle that secondary evidence of a writing is admissible only after proof of a fruitless search for the writing itself by the person into whose custody the writing is traced: 1 Wharton on Evidence, secs. 144, 147, 148; 1 Greenleaf on Evidence, sec. 558.

Where a written contract is to be proved by secondary testimony the precise terms of the whole agreement must be proved: Van Horn v. Munnell, 145 Pa. 497. See also Coxe v. England, 65 Pa. 212; Dennis v. Barber, 6 S. & R. 420.

*Joseph Crown*, with him *R. H. Jackson* and *Charles P. Lang*, for appellees.—The production of proof satisfactory to the court, that it is out of the power of the party to produce the document alleged to be lost, and of its prior existence and genuineness, is a prerequisite condition of the admission of secondary evidence of its contents. The question of such admissibility is for the court. The court must therefore be satisfied that a deed whose loss is set up, was duly executed: Gorgas v. Hertz, 150 Pa. 538; Fisher v. South Williamsport, 1 Pa. Superior Ct. 386; Cote v. Schoen, 1 Pa. Superior Ct. 583.

The right to create such estates and their security against execution issued for personal debts of the trustee, seems to be firmly established: Holdship v. Patterson, 7 Watts, 547; Mathews v. Stephenson, 6 Pa. 496; Evans v. Kilgore, 147 Pa. 19; Rife v. Geyer, 59 Pa. 393.

The terms of the trust show that Mr. DeRoy had no power to execute such a note as trustee. The estate was therefore not bound, and the note to have validity must be construed as merely the individual note of E. DeRoy: Woddrop v. Weed, 154 Pa. 307; Young v. Weed, 154 Pa. 316.

The note in question gave notice, in the signature, that it was not free from contingencies and conditions, and was therefore not negotiable: Pose v. Ry. Co., 171 Pa. 615.

Those who deal with trustees are presumed to do it with notice of the legal limitation of their power; and when they go outside of this, do so at their own risk: Pittsburg Bank's Appeal, 183 Pa. 260; Marshall's Est., 138 Pa. 285.

OPINION BY SMITH, J., July 29, 1898:

Specifications 1, 2, 3, 4, 5, 6, 7 and 9, are not in accordance with our rules of court. The first raises an objection to alleged secondary evidence, and to the inadequacy of the preliminary proofs to warrant its admission. Even if error to the introductory and the secondary evidence could properly be assigned in one specification, the testimony referred to nowhere appears in the assignment, nor is the name of a witness who testified on the subject or the page of the paper-book given. The second and third specifications are also defective in this respect; not giving the testimony objected to, the names of the witnesses or the page of the paper-book. The 4, 5, 6, 7 and 9 specifications

allege error in the admission of testimony not contained in the assignment, nor is its whereabouts otherwise designated. These specifications are in disregard of the specific requirements of Rules XV and XVII of this court. These rules are exactly similar to Rules XXII and XXIV of the Supreme Court and receive a like construction. Where they are not complied with, the specifications will not be considered : Hawes v. O'Reilly, 126 Pa. 440; Battles v. Sliney, 126 Pa. 460; Sticker v. Overpeck, 127 Pa. 446; Title Co. v. Gray, 150 Pa. 255; Reynolds v. Cridge, 131 Pa. 189; Rodovinsky v. Knitting Co., 5 Pa. Superior Ct. 636; Taylor v. Sattler, 6 Pa. Superior Ct. 229.

Whether the promissory note for which the judgment against E. DeRoy, Tr., was obtained was accommodation paper or given in the business of the trust, became pertinent under the issue of fraud in the trust raised by the defendant. So far as it served to throw light on that subject it was admissible to show the nature of the paper. This allegation of fraud became the principal question at issue. There is no doubt that the note held by the Bank of North America was a personal obligation of E. DeRoy. The addition of Tr. to his name was not of itself sufficient to qualify his personal liability. The rule is that the name of the principal intended to be charged must appear on the paper. If it be intended to charge a maker or indorser, in a representative capacity, this must be indicated with reasonable certainty, so that subsequent purchasers and indorsers may be informed of the fact: Roberts v. Austin, 5 Wharton, 313; Tassey v. Church, 4 W. & S. 346; Sharpe v. Bellis, 61 Pa. 69; Seyfert v. McManus, 7 W. N. C. 39. This rule does not preclude proof that the note was given by an agent or trustee in the business of the agency or of the trust estate when the action remains between the parties to the contract: Wanner v. Emanuel's Church, 174 Pa. 466. It is designed for the protection of innocent purchasers and indorsers.

It is not contended, in the present case, that the letters " Tr." after the name of DeRoy have any more force in the judgment than in the note upon which it is founded. This view has been abandoned and rejected by the defendant, as being without legal signification in either case.

The controversy as presented, therefore, is resolved into the

question whether the trust set up by the plaintiffs was valid and conducted in a lawful manner. That a trust may be established for the purposes mentioned in the present deed is not now to be doubted: Holdship v. Patterson, 7 Watts, 547; Mathews v. Stephenson, 6 Pa. 496; Gillespie v. Miller, 37 Pa. 247. But it is claimed that the present differs essentially from the trusts sustained in the cases cited, because in those cases the business was to be transacted in the names of persons other than the debtor, while here the defendant was authorized by the deed to act as trustee and conduct the business. Granting that DeRoy had exclusive possession and dominion over the property levied on, will this fact defeat the operation of the trust, in the absence of fraud, or of a claim of personal ownership or of a denial of the title of the cestui qui trustent? While it is the duty of a married woman, claiming against her husband's creditors, to show that her claim is bona fide, and for a consideration growing out of her separate estate, this doctrine is not applicable where she claims under a trust; in such case she can only be held to proof of the trust and good faith in its creation and execution: Evans v. Kilgore, 147 Pa. 19. The fact that the husband was totally insolvent did not disqualify him from acting as trustee nor did his creditors acquire any rights thereby as against the cestui que trustent: Shryock v. Waggoner, 28 Pa. 430. It has been repeatedly held that where a husband takes title to the wife's real estate in his own name, under circumstances raising a resulting trust in her favor, she may show her title by parol, against her husband and against his creditors: Miller v. Baker, 166 Pa. 414; Sayers v. Phillips, 5 Pa. Superior Ct. 343.

There is no evidence that DeRoy was permitted to hold himself out as sole owner of the property, that he obtained credit upon representations that he was the sole owner, or that he had ever claimed to be such owner, as in Callender v. Robinson, 96 Pa. 454. Nor does it affirmatively appear in this case that the bank was at all influenced by his possession of the goods. The jury have found, under adequate instructions, that DeRoy held the property in question as trustee of his wife and children, under a trust created in good faith for that purpose, and honestly conducted in accordance with the terms of the deed. There is no evidence that the trust was in fact ever used to

defraud any person. We are therefore asked to declare that this trust is a fraud in law while the evidence and the verdict prove it was not so in fact. This we are not prepared to do. True, we have held that one in whom the legal estate has vested cannot hold a separate equitable estate to his own use, as the two estates, uniting in the same person, coalesce, the equitable merging in the legal estate: Patrick v. Bingaman, 2 Pa. Superior Ct. 113. But the deed of trust in the present case does not vest the legal and equitable estate in DeRoy; the primary object of the trust, i. e. the relief and support of his family, remains, according to the terms of the deed, as fully and effectually as when it was created. In this case, as in Holdship v. Patterson, 7 Watts, 547, the deed expressly provided that " When said capital shall have been entirely redeemed and refunded as provided above, the proceeds and the stock remaining shall accrue to the benefit and use of the family of said Emanual DeRoy, he being hereby, in such event, appointed the guardian and trustee of the same for their use as long as he shall live, and for the equitable and fair distribution to his widow and children after his demise." The deed in the present case is silent as to how the business shall be conducted after the capital has thus been refunded, but the evidence shows that thereafter it was managed under the name of " Emanual De-Roy, Tr." Similar unexecuted trusts and trusts under which the business has been carried on in the name of the trustees, who were defendants in the executions, have been held valid against executions for personal debts contracted prior to the trust: Ashhurst v. Given, 5 W. & S. 323; Brown v. Williamson, 36 Pa. 338; Overman's Appeal, 88 Pa. 276. In Rees v. Livingston, 41 Pa. 113, friends of one Scaife, agreed to contribute $4,000 to start him in business under a trust created by deed in which Livingston was named as trustee for Scaife's family. Scaife obtained possession of the premises formerly occupied by the insolvent firm of which he had been a member, and carried on the same business in his own name. An execution by a creditor of the firm was levied on the goods in his possession and a feigned issue was thereupon formed between the trustee and this creditor. It was admitted that the business was carried on in the name of Scaife, but it was shown by parol that it was conducted under the trust, and that Scaife had no

means of his own employed therein. Under instructions touching the creation of the trust and the actual ownership of the property, a verdict was rendered for the trustee, which was sustained by the Supreme Court. The material facts of that case and of the present one are alike except that the debt in Rees v. Livingston was incurred before the creation of the trust, and could not have been the result of a credit obtained by reason of possession of the trust property. But the controlling principle would seem to rule the present controversy. In this case the jury have, by their verdict, eliminated all question of fraud, and the sole basis for recovery is the legal implication of credit arising from possession. This is at most a rebuttable presumption, and the inquiry becomes one of ownership, to be determined by evidence in the ordinary way. So far as the wife's claim is concerned she has affirmatively shown the creation of a trust in favor of herself and children by third persons with their money, wholly independent of her husband. As in Gillespie v. Miller, supra, the deed of trust was duly recorded, and the fund was employed in accordance with its provisions. Notice of her claim and that of her children under the trust was duly given before the sale by the sheriff, and as we have said no fraud appeared and none was alleged other than the husband's possession. Under proper instructions the jury have found the facts in favor of the plaintiffs and we are not disposed to disturb their verdict. There was no fraud in law in the transaction, and the jury have found there was none in fact: Wall v. Wall, 17 W. N. C. 218. The right of the beneficiaries of the trust to bring the action in their own names is a point not presented.

Judgment affirmed.