# Stilley *v.* McNeal, Appellant.

*Attorney and client—Purchase by attorney at sheriff's sale—Mortgage.*

An attorney at law who appears of record in the foreclosure of a mortgage, and who subsequently bids in the property for his client, has no authority to make an agreement of sale to a third party not present nor bidding, at the sheriff's sale, and thereby pass the title of his client to the land. The client may recover the land from such third person in ejectment, or if the land has been sold may recover the purchase money received for it.

Argued Nov. 6, 1907. Appeal, No. 141, Oct. T., 1907, by defendant, from order of C. P. No. 2, Allegheny Co., April Term, 1907, No. 74, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Jennie M. Stilley, Administratrix of J. M. Stilley, deceased, v. Wm. J. McNeal. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Assumpsit for money had and received.

Rule for judgment for want of a sufficient affidavit of defense.

From the opinion filed by YOUNG, J., it appeared that on December 6, 1904, Joseph R. McQuade, an attorney of law, issued a scire facias sur mortgage in the name of Jennie M. Stilley, Administratrix of J. M. Stilley, former owner of the mortgage. It did not appear that McQuade had any express or implied authority from the administratrix to issue the writ. The foreclosure proceeding resulted in a sheriff's sale and the property was sold for $118.15 to McQuade who caused the same to be marked in the sheriff's sale book as sold to the administratrix for that sum. Subsequently the defendant, William J. McNeal, entered into an agreement with McQuade as attorney for the administratrix to purchase the property for $3,000. By McQuade's direction the sheriff made the deed to McNeal. All of the $3,000 was paid to McQuade as attorney for the administratrix, but no part of the money was paid by McQuade to the administratrix. Subsequently McNeal conveyed a portion of the land to the Roman Catholic Bishop of Pitts-

burg for $3,800, which sum was paid to McNeal. The defendant is still the owner of five acres of the land. The administratrix knew nothing of these transactions until after McQuade had absconded, hopelessly insolvent. McNeal filed an affidavit of defense in which he alleged that McQuade had been attorney for J. M. Stilley, and for the administratrix, and that he had possession of the bond and mortgage with the consent of Stilley and his wife. The last clause of the affidavit of defense was as follows :

" Affiant in conclusion further says he is advised and believes that by reason of the facts above set forth, said Joseph R. McQuaide, as attorney of record for plaintiff in this case, as well as in other transactions, had full power to receive and receipt for the amount of said judgment or debt with interest, which under the circumstances was the full and fair value of said property, and to direct that a Sheriff's deed for the same should be made to affiant, and that affiant, having paid said amount of $3,000 to said Joseph R. McQuaide in good faith and received said Sheriff's deed, is not liable to plaintiff for the amount claimed in this action, nor in any other sum whatever."

Young, J., filed an opinion in which, after stating the facts at length, he concluded as follows :

The sole question, then, is, has an attorney at law who appears of record in the foreclosure of a mortgage, and who subsequently bids in the property for his client, authority to make an agreement of sale to a third party not present nor bidding at the sheriff's sale, and thereby pass the title of his client to the land, and does such third person take such a title as will prevent the owner of the land from recovering the same in ejectment, or in the event of the same having been sold, to recover the purchase money received for it? We need not pass upon the question of the authority of McQuaide to appear for the plaintiff. Granted that he had authority to appear for plaintiff, to issue the scire facias and the lev. fa., to conduct the sheriff's sale and to bid in the property—having once bid in the property it became the land of his client for whom he bid it in. He could not, under his special agency as an attorney of record for the plaintiff, make an agreement for the sale

of the land to a third party. Any person dealing with him for the purchase of the land so bought at sheriff's sale would be put upon inquiry as to his authority. The defendant in this case admits that he knew of the sheriff's sale, knew the land was bought at sheriff's sale for the plaintiff; without inquiry he took the representation of the attorney that Mrs. Stilley, the plaintiff in that proceeding, only desired to secure the debt and interest; he knew when he entered into the agreement for the purchase, for it is recited in the agreement, that it was the land of the plaintiff, and that the agreement to convey was being made by McQuaide as attorney for her. With this knowledge, he chose to carry on the transaction without either inquiry as to the authority of McQuaide to make the sale or of inquiring of the plaintiff so as to ascertain the real facts in the case. There is no question that inquiry of the plaintiff would have brought to him the information that McQuaide in foreclosing the mortgage and selling the land at sheriff's sale was acting without authority from the plaintiff, and that he had no authority to make the sale of the land which had been bought at sheriff's sale for her. Under all the circumstances and facts of this case, judgment should be entered for the plaintiff for the amount of money received by the defendant upon the sale of the land to the Bishop of Pittsburg.

*Error assigned* was the order making absolute rule for judgment for want of a sufficient affidavit of defense.

*A. C. Johnston*, for appellant.

*H. K. Siebeneck*, with him *Warren I. Seymour, H. H. Patterson* and *P. S. Chambers*, for appellee.

PER CURIAM, January 6, 1908:
The judgment is affirmed on the opinion of the court below.