## Sober *v.* Moony, Appellant.

*Appeals—Assignments of error—Answers to points—Exceptions.*

1. Assignments of error to answers to points will not be considered where the record fails to show that exceptions were taken and allowed and bills sealed to the answers.

*Principal and agent—Contract—Evidence.*

2. Where a case turns on the authority of an agent to make a contract, it is proper to permit the defendant's letter head to be produced in evidence, showing that the alleged agent was held out as the general manager of the defendant, and that the plaintiff inquired for the manager, and negotiated with him in regard to the contract because of such holding out.

*Evidence—Written instrument—Erasure.*

3. An erasure of the name of a month in a written agreement and

the substitution of the name of another month, does not of itself invalidate the agreement so as to render it inadmissible in evidence. An erasure admits of explanation.

4. Where a written instrument showing an erasure on its face is set forth in plaintiff's statement, objection to the instrument on account of the erasure cannot be made at the trial where it has not been made in the affidavit of defense, if a rule of court provides that a fact set forth in the plaintiff's statement, and not denied in the affidavit of defense, is regarded as established.

Argued April 13, 1911. Appeal, No. 69, April T., 1911, by defendants, from judgment of C. P. No. 2, Allegheny County, Jan. T., 1907, No. 861, on verdict for plaintiff in case of D. B. Sober v. E. G. Moony, surviving partner of E. G. Moony and L. P. Seeley, copartners doing business as Central Automobile Company, and Edmund W. Mudge, Executor of the last will and testament of L. P. Seeley, deceased. Before Rice, P. J., Henderson, Orlady, Head Beaver and Porter, JJ. Affirmed.

Assumpsit to recover commissions on sales under a written agreement. Before Haymaker, J.

At the trial it appeared that the agreement was signed on behalf of the Central Automobile Company by E. L. Seeley as agent.

When the plaintiff was on the stand he was asked this question:

"Q. With whom did you believe you were—with what officer of the company did you believe you were dealing when you made this contract? A. The general manager; I asked for the general manager."

Objected to unless it was done with the knowledge of one of the partners.

Mr. McVicar: We propose to follow this by showing that these were the letter heads of the company in which they held him out to be the general manager.

The Court: As to what he believed at the time, I do not think that is proper.

Mr. Patterson: There is no allegation that E. L. Seeley

held himself out as representing this company.   The statement of claim is he signed it as a partner, signed the contract as one of the partners, and it is admitted it was a partnership.   Then there is an amendment to the statement of claim striking out the name of E. L. Seeley as a partner.

The Court: We will hear the testimony.   Objection overruled.

To which ruling of the court counsel for defendants request an exception.

Exception allowed and bill sealed. [4]

The Witness: I relied on Mr. E. L. Seeley being the general manager.   I asked for the general manager from the letter that I received; his name was on the letter, "E. L. Seeley, general manager," that I received from the company.

Mr. McVicar: We offer exhibits 1 to 8 inclusive.

Mr. Patterson: Exhibit No. 3, the contract in this case is objected to, it not having been sufficiently proven, and for the further reason that it shows an alteration which would invalidate it.

Objection overruled.

To which ruling of the court counsel for defendant requested an exception.

Exception allowed and bill sealed. [5]

Verdict and judgment for plaintiff for $699.85.   Defendant appealed.

*Errors assigned* were (1–3) answers to points not showing any exceptions or bill sealed thereto; (4, 5) rulings on evidence quoting the bill of exceptions; (6) refusal of nonsuit.

*F. P. Patterson*, with him *Thomas M. Benner*, for appellants.—A person dealing with an agent must inform himself of the extent of the agent's authority, and the title, general manager, on a letter head, does not take away the duty so imposed upon the person dealing with the agent:

Lauer Brewing Co. v. Schmidt, 24 Pa. Superior Ct. 396; Weldon v. Traction Co., 27 Pa. Superior Ct. 257; Rafferty v. Haldron, 81* Pa. 438; Allentown School Dist. v. Mc-Conn, 2 Walker, 85; Powell v. Ins. Co., 4 Montg. County, 166; American Underwriter's Association v. George, 97 Pa. 238.

When an alteration unexplained in all the evidence appears on the face of a contract, it cannot be admitted in evidence, even though the alteration is not disclosed until the trial of the case: Marshall v. Gougler, 10 S. & R. 164; Getty v. Shearer, 20 Pa. 12; Flitcraft v. Trust Co., 211 Pa. 114; Neff v. Horner, 63 Pa. 327; Hartley v. Corboy, 150 Pa. 23; Fulmer v. Seitz, 68 Pa. 237; Craighead v. Mc-Loney, 99 Pa. 211; Bank of Baltimore v. Williams, 174 Pa. 66.

*Nelson McVicar*, of *Kennedy, McVicar & Hazlett*, for appellee.—The specifications of error relating to the charge and answers to points submitted by the defendant, cannot be considered for the reason that there was no exception taken thereto in the court below: Wills v. Hardcastle, 19 Pa. Superior Ct. 525; Sibley v. Robertson, 212 Pa. 24; Sternberg v. Sklaroff, 32 Pa. Superior Ct. 116.

It was not necessary to make proof of the execution of this contract under the rules of court in Allegheny county: Xander v. Com., 102 Pa. 434.

The execution by Seely was binding on the defendant, as he was held out by the company as its general manager: Duncan v. Hartman, 143 Pa. 595; Empire Implement Mfg. Co. v. Hench, 219 Pa. 135.

Opinion by Beaver, J., October 9, 1911:

This is an appeal by the defendants.

The first, second and third assignments of error, which relate to answers to points, do not show exceptions by the appellants, or their allowance by the court, or the sealing of bills. The appellee specifically excepts to these assignments and insists that they should not be con-

sidered.   We regard the exception as well taken.   In Rodovinsky v. Knitting Co., 5 Pa. Superior Ct. 636, our late Brother SMITH said: "Adequate pleadings are as necessary in the appellate courts as in the courts of first instance.   The assignment of errors, when filed, constitutes the declaration of the appellant and specifies the errors alleged to have been committed by the trial court. Each error must be specified separately and distinctly, and to these the appellee should plead or demur, as the circumstances may warrant."   In closing the opinion in this case, it is said: "The assignment must be self-sustaining, and contain in substance the bill of exceptions on which it is based.   In the absence of this, there is nothing to entitle it to consideration."   These specifications of error are not self-sustaining.   They do not show that an exception was taken by the appellants, or that one was allowed by the court and a bill sealed for the appellants.   The reason for the necessity of this has been often pointed out.   The record in this court consists of the assignments of error and of the opinion of the court when filed.   If, therefore, that record is to be intelligible, the assignments of error must be self-sustaining, because they can be tried only by themselves after the record of the court below has been returned to it.   It should, therefore, affirmatively appear in the first three assignments of error, as it appears in the others, that exceptions were taken and allowed and bills sealed, otherwise the assignments are not self-sustaining and are not entitled to consideration.   The exception of the appellee is, therefore, sustained, and they are not considered.

The testimony admitted by the court, as specifically set forth in the fourth and fifth assignments of error, was, we think, properly admitted.   If the defendants' letter heads held out E. L. Seely as the general manager of their company, it was proper to show that this was done and that the plaintiff inquired for him and negotiated with him in regard to the contract which was made, because of such representations.   This, together with the testimony of the

subscribing witness, that the written agreement was approved by the partner, Mr. Moony, would justify a finding by the jury, if they believe the witness, that Seely had authority to sign the agreement.

The objection to the admission of the written agreement because of the erasure of the month January and the substitution of October in its place, did not of itself invalidate it, so as to justify the refusal to admit it in evidence. An erasure admits of explanation. It may explain itself. It may depend on a variety of circumstances—whether or not the erasure and the addition be made with the same pen and the same ink and in the same handwriting as other parts of a written instrument. All this was matter for the jury and we think the court properly admitted the written agreement and submitted the questions involved to the jury. In addition to all this, and as conclusive of the question, by the rules of the court below a fact set forth in the plaintiff's statement, and not denied by the defendant in the affidavit of defense, is regarded as established. There is no intimation in the affidavit of defense in this case that the agreement, a copy of which is attached to the plaintiff's statement, was in any way altered. There is no allegation of forgery or of alteration in a material part and, in the absence of any allegation of the invalidity of the agreement on this account in the affidavit of defense, we are unable to see why the agreement was not properly admitted.

The sixth assignment of error relates to the refusal of the court to grant a nonsuit. From what has already been said, it will be apparent that no nonsuit could properly have been granted. The question of the approval of the agreement by the acting partner before it was sent to the plaintiff to be executed by him, being a question of fact, it was clearly in the case and could not be eliminated and, as already intimated, if that was the fact, the defendants were clearly bound by it.

The verdict having been rendered by the jury as to the validity of the written agreement and of its binding char-

acter upon the defendants, which questions were properly submitted to them, we think the court was entirely justified in denying the motion for a judgment n. o. v., which is the substance of the seventh assignment of error. All of the assignments are, therefore, overruled.

Judgment affirmed.