# Wentzel *v.* Morris, Appellant.

*Appeals—Assignments of error—Improper assignments—Evidence.*

1. An assignment of error relating to evidence which does not contain the offer of proof nor the ruling of the court thereon, is improper and will be disregarded.

2. A portion of the opinion of the lower court on a motion for a new trial, is not a subject for an assignment of error.

*Contract—Building contract—Acceptance of work.*

3. In an action to recover for labor done and performed a verdict and judgment for plaintiff will be sustained where there is evidence from which the jury has a right to conclude that the defendants expressed satisfaction with the plaintiff's work after it was finished and accepted the same, and that the complaints afterward set up had their origin in the inherent defects of a device of the character of that which the defendants were using.

Argued Nov. 13, 1911.  Appeal, No. 279, Oct. T., 1911, by defendants, from judgment of C. P. Berks Co., Feb. T., 1910, No. 12, on verdict for plaintiff in case of Calvin F. Wentzel v. Sigmund Morris and Edwin Youse.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Assumpsit for work done and performed.  Before WAGNER, J.

At the trial it appeared that the plaintiff, a carpenter, was employed by the defendants to rebuild an amusement device known as a "Teaser."  The defendants claimed that the work had not been properly done.  There was evidence, however, that the defendants had expressed satisfaction with the work after it was finished and had accepted the same.

The court submitted the case to the jury.

Verdict and judgment for the plaintiff for $377.21.  Defendants appealed.

*Error assigned* amongst others was in refusing binding instructions for the defendants.

*Charles H. Tyson,* for appellants.

*W. B. Bechtel,* for appellee.

OPINION BY HENDERSON, J., March 1, 1912:

The first assignment of error does not comply with rule 16 of this court in that it does not contain the offer of proof nor the ruling of the court thereon. It must therefore be disregarded: Gish v. Brown, 171 Pa. 479; Deroy v. Richards, 8 Pa. Superior Ct. 119. The ninth, tenth and eleventh assignments are to portions of the opinion of the court on the motion for a new trial. These are not subjects of assignments of error. The second, third, fourth, fifth, sixth and seventh assignments are to the answers of the court to points presented by the plaintiff and defendants. These answers are all correct if there was evidence to go to the jury on the question of the acceptance of the plaintiff's work by the defendants, and on this question we think the case is free from doubt. Testimony offered by the plaintiff tends to show satisfaction of both of the defendants with the work done, and it would have been erroneous to have instructed the jury to return a verdict for the defendants. The answer to the defendants' fifth point specified in the eighth assignment was therefore correct. We need not go into a consideration of the evidence at length. It is sufficient to say that after a careful examination of it we are satisfied that there was evidence from which the jury might conclude that the defendants expressed satisfaction with the plaintiff's work and that the complaints afterwards set up had their origin in the inherent defects of a device of the character of that which the defendants were using.

The assignments are overruled and the judgment affirmed.