# Ferguson et ux. v. Hilderbrand, Administrator

*Anthony Cavalcante*, for plaintiffs.

*Newcomer & Mahoney* and *August L. Sismondo*, for defendant.

CARR, P. J., November 2, 1951.—This is an action in equity for the specific performance of an administrator's contract to sell the real property of his decedent. Now, preliminarily objecting to the bill, the administrator raises the question of our jurisdiction, and in addition interposes the defense of the statute of frauds.

It appears from the bill that Stella Hilderbrand, late of Washington Township in this county, died on November 11, 1950, intestate, seized of a house and lot of land in that township, and that on April 3, 1951, Ewing K. Newcomer, a member of this bar then acting as attorney for her administrator, Roy Hilderbrand, defendant, orally agreed to sell the property to Roland A. Ferguson and Margaret Jean Ferguson, his wife, plaintiffs, for $5,750, on which day he accepted from them $100 on account of the purchase price and gave them a written receipt reading as follows: "Uniontown, Pa. April 3, 1951. Received of Roland A. and

Margaret Jean Ferguson One Hundred & no/100 Dollars. For down payment on Stella Hilderbrand Property Washington Twp. Amount Paid $100.00 Balance Due $5650.00. By Ewing K. Newcomer, Atty. for Roy Hilderbrand, Adm."

It is not averred that Newcomer had any written authority from the administrator to make the contract, or that plaintiffs were in possession or had made any valuable improvements upon the property.

We lay aside the apparent bar of the statute of frauds (but see Burkhardt v. Schmidt, 10 Phila. 118; Dodds v. Dodds, 9 Pa. 315; Stilley v. McNeal, 219 Pa. 533; Zellner v. Murdoch, 298 Pa. 208; Axe v. Potts et al., 349 Pa. 345; Haskell v. Heathcote et al., 363 Pa. 184) for we think it clear that where, as is here the case, the power of the administrator to sell the real estate of decedent is derived exclusively from the Fiduciaries Act of April 18, 1949, P. L. 512, sec. 541, 20 PS §320.541, jurisdiction to supervise the exercise of that power is vested exclusively in the orphans' court.

By the terms of the Orphans' Court Act of June 7, 1917, P. L. 363, sec. 9, subsecs. (*d*), (*e*), (*l*) and (*n*), 20 PS §§2244, 2245, 2252, and 2254, the jurisdiction of that court extends to and embraces "The control . . . of executors and administrators . . . and the settlement of their accounts"; "The distribution of the assets and surplusage of the estates of decedents among creditors and others interested"; "All cases within their respective counties, wherein executors, [and] administrators . . . may be possessed of, or are in any way accountable for, any real or personal estate of the decedent"; and "The exercise of all other powers needful to the doing of anything . . . required or permitted to be done in said court."

This language manifestly comprehends all things pertaining to the settlement of decedent's estate, including, in our opinion, sole control of the administra-

tor in the exercise of his statutory power of sale: Kane et al. v. Girard Trust Co. et al., 351 Pa. 191; Walcott v. Boyle et al., 77 D. & C. 372.

It is true that the preliminary objection to our jurisdiction is based on matters outside the record, and is therefore not properly stated, but jurisdiction is a question of law of which we are bound to take notice, even when no objection is made on that ground: Com. ex rel Ballou v. Halifax Township Supervisors, 7 D. & C. 663; Frey, Executor, v. Long et al., Administrators, 8 D. & C. 121.