## Sackett *versus* Twining.

1. A sale of real estate by an administrator by order of Orphans' Court under proceedings in partition, the land having been appraised and the heirs having refused to take it at the appraisement, was *a judicial sale.*

2. In such a sale, it was one of the conditions that the property was to be sold by the acre, the purchaser to have the right to have it resurveyed; but return was made and the sale confirmed without such survey having been made, deed was accepted, part of the purchase-money paid, and judgment bonds for the balance given by the purchaser:

In a *scire facias* on the judgment on one of the bonds, it was *held*, that the purchaser was not entitled to a deduction from the balance of the purchase-money for a deficiency of a few acres in the quantity of the land; there being no fraud, and no such mistake as would be equivalent to it, the sale could not be impugned in this collateral proceeding.

ERROR to the Common Pleas of *Bucks county.*

This was a proceeding by Abraham Sackett, administrator of the estate of Joseph L. Sackett, deceased, *v.* Abbott C. Twining.

It was a *scire facias quare executio non* on a judgment in favor of Abraham Sackett, administrator of Joseph L. Sackett, deceased, against Abbott C. Twining, to recover the sum of $367.32, due upon the judgment. Abraham Sackett, as administrator of Joseph L. Sackett, deceased, in pursuance of an order of the Orphans' Court in proceedings in partition, on the 28th of December, 1848 sold to Abbott C. Twining a tract of land belonging to the estate of said Joseph L. Sackett, deceased, containing seventy-two acres, three-quarters and nine perches, more or less, at $65 per acre. On the 2d of April, 1849, he executed a deed to Twining for the land; and Twining gave him the bond upon which this judgment was entered, for part of the purchase-money.

The defendant, under the plea of payment with leave, &c., gave in evidence the following conditions of sale, and annexed acknowledgment of the purchaser, the defendant:

"The conditions of this sale, held this 28th day of December, A. D. 1848, on a messuage and tract of land situate in Wrightstown township, in the county of Bucks, late the property of Joseph L. Sackett, deceased, containing seventy-two acres, three-quarters and nine perches, more or less, with the appurtenances, are such, to wit:

"First. The property to be sold by the acre; *and if the purchaser should wish to have it surveyed,* it must be at his own expense.

"Second. Nine hundred and forty-three dollars and eighty-three cents to remain secured on the premises during the natural life of Eleanor Sackett, widow of Joseph Sackett, deceased, the interest thereof to be paid to her annually; and, at her decease, the said principal sum to be paid to the heirs of the said Joseph Sackett, deceased.

[Sackett *v.* Twining.]

"Third. Three hundred dollars of the purchase-money to be paid, or secured to be paid, at the close of the sale. One-third of the whole purchase-money, of which the above three hundred dollars to be a part, to be paid on the first day of April next, when title will be made and possession given. The remainder of said purchase-money to be paid on the first day of April, A. D. 1850, with the exception of the sum that must remain secured as a dower to Phebe Sackett, widow of the said Joseph L. Sackett, deceased, which will be one-third of the whole purchase-money, after the above-named sum of nine hundred and forty-three dollars and eighty-three cents is deducted, which must be secured on the premises by bond and mortgage, during the natural life of the said Phebe Sackett, and the interest thereof to be paid to her annually. The balance of said payment to be also secured on the premises, with interest, &c.

"ABRAHAM SACKETT, administrator."

I, Abbott Twining, &c., do hereby acknowledge myself the purchaser of the foregoing mentioned property, at the sum of sixty-five dollars —— cents per acre; and I hereby bind myself, my heirs, executors, and administrators, that I will faithfully comply with the within conditions of sale, under the penal sum of four thousand dollars. Witness, &c.          ABBOTT TWINING, (L. S.)

On the part of the *defendant* was given in evidence the deposition of Charles Thompson, who testified that in January, 1850, he made a re-survey of the land purchased, and that there was a deficiency of five acres and fifty-six perches; *that the error was not in the old survey of the land,* but in the *calculation.*

The deed for the land was given in evidence. It was executed by Abraham Sackett, as administrator, &c.; it was dated April 2d, 1849, and conveyed to Abbott Twining the said tract of land as containing seventy-two acres, three quarters, and nine perches, more or less, for the consideration of $4732.40. In it reference was made to the proceedings in the Orphans' Court in the partition of the real estate of the said Joseph L. Sackett, deceased, of which the said tract of land formed a part, to wit; The petition of the widow and heirs of the said deceased to the Orphans' Court, for the appointment of seven persons to make partition of the said real estate; the appointment of the said seven persons for said purpose; that they returned the valuation of the said real estate; that the heirs of the said Joseph L. Sackett, deceased, severally appeared in the Orphans' Court, and refused to take the said real estate, or any part thereof, at the valuation, and desired it to be sold; that the Orphans' Court thereupon ordered the same to be sold, and issued an order to the said Abraham Sackett, as administrator of the said Joseph L. Sackett, deceased, to sell the said real estate; that the said Abraham Sackett, as administrator of the said Joseph L. Sackett, deceased,

[Sackett v. Twining.]

in pursuance of the said order, sold the said tract of land to the said Abbott C. Twining on the 28th of December, 1848, and that the said sale was confirmed by the said Court on the 5th of Feb. 1849.

The plaintiff's counsel requested the Court to charge the jury that, under the evidence in this case, the plaintiff is entitled to recover.

KRAUSE, J., charged the jury, that if in this case the jury find that both parties mutually depended on the old survey, and were thus led into error as to the quantity of the land, it being sold by the acre, and a deficiency in the quantity existing equal in value to the amount claimed in the suit, the plaintiff was not entitled to recover.

Plaintiff's counsel excepted to the charge. Verdict was rendered for the defendant.

The said instruction by the Court was assigned for error.

The case was argued by *Chapman* and *Roberts*, for plaintiff in error.—The defendant having omitted to avail himself of the opportunity of having the quantity of the land ascertained until after the deed had been executed and bond given, he was guilty of such negligence as precludes him from obtaining relief: 1 *Story's Eq.* 146, 151.

A sale by an administrator, under an order of the Orphans' Court, *is a judicial sale*, and it is not competent to the purchaser to object to the payment of the purchase-money on account of defect of title. The rule of *caveat emptor* is applicable to it : 3 *Watts* 490, Bashore v. Whisler ; 3 *W. & Ser.* 444, Fox v. Mensch ; 4 *Barr* 171, King v. Gunnison ; 1 *Harris* 121, Vandever v. Baker.

An article of agreement for the sale of land is merged in the deed, and the purchaser cannot resist the payment of the purchase-money on the ground of deficiency in the quantity of the land *after deed executed and bond given for the purchase-money :* 13 *Ser. & R.* 160 ; 1 *W. & Ser.* 442 ; 2 *Pa. Rep.* 533 ; 10 *Barr* 490.

*Du Bois*, for defendant in error.—In case of a mistake as to the quantity of land, where it is sold *by the acre*, equity will relieve the party affected : 7 *W. & Ser.* 201 ; 1 *Harris* 637, Beck v. Uhrich ; 13 *Ser. & R.* 160.

A distinction exists where the land is sold *by the acre* and *in gross :* 6 *Bin.* 102 ; 1 *W. & Ser.* 444. Reference was made to 3 *W. & Ser.* 390, Roland v. Miller ; 5 *Id.* 51 ; 3 *Wh.* 316.

As to *the mistake*, reference was made to 2 *Barr* 105, Hunt v. Moore.

VOL. VI.—26

[Sackett *v.* Twining.]

The opinion of the Court was delivered, March 29, by

COULTER, J.—The sale in this case was made by order of the Orphans' Court, the heirs and legal representatives declining to take the land at the appraisement. It was therefore a judicial sale, made by order of a Court having jurisdiction over the subject-matter, and over the administrator who made the sale.

The sale was by virtue of a decree of the Court, after hearing all parts interested, and was approved and confirmed by them, at which time, that is, after the return of sale by the administrator and before confirmation, the purchaser, the heirs, and the administrator had a right to be heard. We cannot overturn or impugn the decree of the Orphans' Court confirming the sale in this collateral proceeding. It was a judicial sale; as an individual, the administrator had no authority whatever to make the sale. But as an officer of the Court for that purpose, and to execute their decree, he had; and if the Court approved of his proceedings and confirmed the sale, it became valid and binding, except for fraud, in all collateral proceedings. The decree of confirmation fixed the administrator for the amount of the purchase-money, for which he was accountable to the heirs, and which he was bound to distribute under the direction of the Court according to law. He has therefore a clear right to recover it from the purchaser. Being a judicial sale does not take away the rule of *caveat emptor*, but more emphatically enforces it as to quantity contained in the bulk or gross. If, therefore, the purchaser bid by the acre, it was his duty to see before confirmation that the tract contained the quantity estimated. Indeed, he had a right by the conditions of sale to have the tract surveyed, at his own cost, if he chose. But this he neglected, and the administrator reported the sale to Court for a gross sum, which was duly confirmed. Deed was made by the administrator in pursuance of the decree, the purchase-money in part paid to the administrator, and judgment bond given for the residue. Thus the purchaser permitted the sale to be confirmed by the Court, and the administrator irrevocably fixed for the amount; and he afterwards confirmed it himself by accepting a deed, and securing the part of the purchase-money not paid. His own negligence and laches cannot be allowed to injure an innocent man, and to protect himself from harm. In King *v.* Gunnison, 4 *Barr*, and Vandever *v.* Baker, 1 *Harris* 121, and the cases there cited, it was ruled that an Orphans' Court sale was a judicial sale, and that *caveat emptor* applied to it. In all these cases, it is true, the sale was decreed for the payment of debts. But that marks no distinction in this respect; because it is not the object of the sale, but the mode and manner, the action of the Court, the decree of the Court, and the parties being called to judgment, which gives it character and makes it judicial. The distribution of the fund subsequent to confirmation, is a matter between the administrator and the legal

[Sackett *v.* Twining.]

representatives, with which the purchaser has nothing to do, and which cannot affect the matter between the administrator and the purchaser. The cause was argued as if it had been a private sale, which it is not. But even in that aspect, it seems to be well settled by the weight of authority, that where there are articles of agreement which are afterwards consummated and fulfilled, by the acceptance of a deed, and giving bonds for the purchase-money, the transaction is at an end, if there be no fraud, or such mistake as would be equivalent to it. There was neither fraud nor mistake here. The tract was sold, estimated at seventy-two acres more or less; the bidding was by the acre, so as to give the purchaser the benefit of a re-survey, if he chose to have it made at his own cost. He did not do that, but chose to complete the transaction by the solemnity of a deed, and giving his bond. He did this with his eyes open, and his volition unbiassed. He had a right to do so. He is bound by it. The judgment is reversed, particularly on the first ground, which ends the cause.

Judgment reversed and *venire de novo* awarded.