W. H. Leard's Assigned Estate.    P. P. Burford's Appeal.

| 164 | 435 |
| e203 | 64 |
| 203 | 65 |

*Assignment for creditors—Setting aside sale.*

A sale by an assignee for the benefit of creditors will not be set aside upon the application of a successful bidder on the ground that to perfect his title he will have to buy an outstanding interest, where it appears that he knew at the time of the sale that the title to the property was not wholly in the assignor.

Argued Oct. 8, 1894.    Appeal, No. 34, Oct. T., 1894, from order of C. P. Armstrong Co., June T., 1892, No. 297, refusing to set aside sale by assignee.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Exceptions to confirmation of assignee's sale.

The court below filed the following opinion :

" It appears, by the evidence submitted in support of and against the exceptions filed, that the store house property was put up at public outcry by the assignee, and was bid up to about five hundred dollars, when there arose a question as to the title, at which time the bidding ceased and a conference was held between the attorney of the assignee and W. H. Leard and C. Leard, his father, after which announcement was made that the title would be made good or the money paid refunded ; the sale then proceeded, and the property was sold to P. P. Burford for the sum of $795, he being the highest bidder.    It also appears that the title to the land thus sold was in W. H. Leard, C. Leard and J. S. Leard, each owning a one-

third interest. The purchaser, P. P. Burford, now contends and asks that the sale be set aside by reason of his having to pay for the title of J. S. Leard in this property in addition to the bid at the assignee's sale before he can obtain a full and complete title to the land.

"It is not disputed but that P. P. Burford at the time of the sale knew that the title to this property was not wholly in W. H. Leard, and knew that the title was in W. H. Leard, C. Leard, and J. S. Leard. Had he not known these facts after the statement had been made, as shown by the evidence, that the title would be made good or the purchase money refunded, he would be entitled to have the sale set aside. It also appears from the evidence that after the sale was made he had some arrangements or negotiations concerning the purchasing of the J. S. Leard title; and from these circumstances and facts we conclude that he was not deceived in any manner by the statements that the title would be made good, or the money refunded. The exceptions are therefore dismissed and the sale confirmed."

*Error assigned* was above order.

*W. D. Patton* and *Orr Buffington*, for appellant, cited: De Haven's Ap., 106 Pa. 612; Schur's Ap., 14 W. N. 49; Herman v. Somers, 158 Pa. 424.

*James B. Neale, J. H. Painter* with him, for appellee.

Per Curiam, Oct. 22, 1894:

It appears that at a public sale of the assigned estate of William H. Leard, appellant became one of the successful bidders; and the assignee, having made return of the sale accordingly, asked the court to confirm the same, etc. Exceptions to the confirmation, filed by appellant, having been overruled, the sale was confirmed; and thereupon this appeal was taken. In his opinion overruling said exceptions the learned judge says that, at the time of sale, appellant "knew that the title to this property was not wholly in W. H. Leard, and knew that the title was in W. H. Leard, C. Leard and J. S. Leard. Had he not known these facts, after the statement had been made—as

shown by the evidence—that the title would be made good or the purchase money refunded, he would be entitled to have the sale set aside. It also appears from the evidence that, after the sale was made, he had some arrangements or negotiations concerning the purchasing of the J. S. Leard title; and from these facts and circumstances we conclude that he was not deceived in any manner by the statements that the title would be made good, or the money refunded." These findings of fact were warranted by the testimony and must now be accepted as verities. As such, they are a conclusive answer to appellant's contention that he was deceived by said statements, etc.

The maxim caveat emptor is applicable to all such sales; but, when it is made to appear that a purchaser at a judicial sale has been deceived and misled to his injury, the court will interpose and relieve him from the consequences of such deception: De Haven's Appeal, 106 Pa. 612; Schug's Appeal, 14 W. N. 49. In this case, however, the learned judge has found, on quite sufficient evidence, that appellant "was not deceived in any manner" by said statements. On the contrary, he knew at the time of sale that the title was not wholly in the assignor.

Decree affirmed and appeal dismissed with costs to be paid by appellant.