## Fahrig, Administratrix, *v.* Schimpff, Appellant.

| 199 | 423 |
|-----|-----|
| 203 | 64 |

*Executors and administrators—Administrator's sale—Liability of purchaser.*

| 199 | 423 |
|-----|-----|
| 31 SC | 494 |

Upon the sale by an administrator under order of court for payment of the debts of a decedent, the liability of the purchaser for the amount of his bid is fixed by the return and confirmation, and he cannot set up in an action to enforce it either a failure of title, misrepresentations by the administrator, or other matter attacking the validity of the sale. His day in court to make such objection is at the return of the sale, and if he submit to the decree of the court confirming it, he cannot afterwards be heard against it collaterally. Thus a purchaser cannot, in an action to recover the amount of his bid, set up as a defense that he purchased at the solicitation of the administratrix personally, and was only to be accountable to her for what he realized upon a resale of the property.

Argued Feb. 25, 1901. Appeal, No. 64, Jan. T., 1901, by defendant, from judgment of C. P. Lackawanna Co., Nov. T., 1897, No. 180, on verdict for plaintiff in case of Matilda Fahrig, Administratrix of Frank E. Fahrig, Deceased, v. Eugene Schimpff. Before McCOLLUM, C. J., MITCHELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit to recover the amount of a bid at an administrator's sale. Before ARCHBALD, P. J.

At the trial the defendant set up as a defense that he had purchased at the sale at the solicitation of the administratrix personally, and that he was only to be accountable to her for what he realized upon a resale of the property. The court under objection and exception refused to admit evidence to sustain such a defense.

Verdict and judgment for plaintiff for $2,094.40.

On a rule for a new trial ARCHBALD, P. J., filed the following opinion:

Upon the sale by an administrator under order of court for payment of the debts of a decedent, the liability of the purchaser for the amount of his bid is fixed by the return and confirmation, and he cannot set up in an action to enforce it either a failure of title, misrepresentations by the administrator, or other matter attacking the validity of the sale. His day in court to make such objection is at the return of the sale, and if he submit to the decree of the court confirming it, he cannot afterwards be heard against it collaterally. This is decided in numerous cases, a few of which only need be referred to.

Bashore v. Whisler, 3 Watts, 490, was an action on a bond given by a purchaser at such a sale. To defeat a recovery the purchaser set up a defect in the title as well as misrepresentations by the administrator as to the effect of the sale, but it was held that neither was admissible. Fox v. Mensch, 3 W. & S. 444, was a case of similar character, the defense as in the other being that the defendant was induced to purchase by the misrepresentations of the administrator, and the same ruling was again made. "If the purchaser has a complaint," says SERGEANT, J., "he ought to make it to the orphans' court before confirmation. Nor are the representations of the administrator to the purchaser in relation to the property relevant. As is said in Bashore v. Whisler, 3 Watts, 490, it was the folly of the purchaser to repose confidence in his opinion or promise. He is the agent of the law, acting in a prescribed path, and any representations out of that are beyond the scope of his authority and the representatives of the deceased are not bound by it." Miles v. Diven, 6 Watts, 148, was also an action by an administrator for purchase money. The purchase was of 241 acres at $18.00 an acre, the purchaser claiming that he was misled by the statement of the administrators with whom he had gone upon the property prior to the sale, that no part of it was mountain land. This was a mistake, forty acres of it in fact being of that character, and the purchaser took, relying on the representations otherwise, but it was held that he could not be relieved from his bargain. King v. Gunnison, 4 Pa. 171, was also an action for the amount of a bid, and again the decree was held conclusive upon the purchaser. " When the

sale is confirmed by the court," says COULTER, J., " the amount bid becomes due from the bidder." In Vandever v. Baker, 13 Pa. 121, one of the conditions fixed by the order was that the sale was to be made subject to the lien of an existing dower mortgage, but the defendant who was the purchaser was permitted to prove that after the conditions were read the crier stated that bidders would only have to pay what they bid, and that the amount of the mortgage would be deducted, and that this was the clear understanding of all who attended the sale. In declaring this to be inadmissible it is said : " It has been ruled more than once in this court that an administrator making a sale for the payment of debts was merely the instrument of the court for effecting the purpose of the law. . . . In every contract there must be persons capable to contract; but what authority has the crier of a judicial sale to make a contract to bind the creditors and the heirs ? They are represented by the court at whose order the sale is made ; they make the conditions of sale." And again: " The declarations of the crier after he had publicly read the conditions of sale in direct hostility to them were not evidence. If the purchaser was misled by these declarations he had his day in court for relief; he might have applied to the court to set the sale aside and not confirm it to his prejudice. It is alleged that he was not bound to do this because the return was the act of the administrator alone ; he was however bound to do so." Similar doctrine appears also in Sackett v. Twining, 18 Pa. 199, where the purchaser bought by the acre, so many acres at so much per acre, with leave however to resurvey the land at his own expense. Without availing himself of this privilege he allowed the sale to be returned at the acreage named by the administrator and accepted a deed based upon it. To a judgment given for the balance of purchase money he interposed the defense that on a resurvey afterwards the land fell short some five or six acres. With regard to this the court says : " We cannot overturn or impugn the decree of the orphans' court confirming the sale in this collateral proceeding. It was a judicial sale ; as an individual the administrator had no authority whatever to make the sale. But as an officer of the court for that purpose he had, and if the court approved of his proceedings and confirmed the sale it became valid and binding except for fraud, in all

collateral proceedings. The decree of confirmation fixed the administrator for the amount of the purchase money for which he was accountable to the heirs and which he was bound to distribute under the direction of the court according to law. He has therefore a clear right to recover it from the purchaser."

Other cases of like import could be cited, but these are enough and they abundantly support the position taken at the trial. To relieve the defendant from his bid it was sought to be shown that he purchased at the solicitation of the administratrix personally, and was only to be accountable to her for what he realized upon a resale of the property. If such an arrangement was made by which the administratrix through his intervention was the real purchaser, that is a personal matter between the two; it was a fraud upon the estate to make it, legally, if not by intention, for which the sale at the instance of those interested could have been set aside: Hannum's Appeal, 2 Penny. 103; Myer's Estate, 9 Pa. C. C. R. 439; but the defendant was a party to it; even had he applied before the sale was confirmed, could hardly be heard to do so; much more can he not now, when the whole proceeding has been closed and consummated. The undertaking which the defendant assumed in becoming the purchaser, as between himself and the parties directly interested in the estate was conclusively fixed by the decree of confirmation, and from that he cannot escape. The administratrix, in that capacity, is the representative of the estate and is entitled to the sum bid; for that she must account, and the defendant is bound to pay it. It is no answer to suggest that he assumed to act at the solicitation of the administratrix, and for her individual benefit. If he did, any remedy which he has is against her personally; he can get no relief in this action. The money due from him represents the property sold which was an essential part of the decedent's estate, and the parties to whom it is to go on distribution are entitled to the payment now demanded.

The rule for a new trial is discharged.

Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions.

*J. H. Torrey* and *Joseph O'Brien*, with them *C. H. Welles* and *M. J. Martin*, for appellant.

*Charles H. Soper*, with him *George S. Horn*, for appellee.

PER CURIAM, May 27, 1901:

This was an action of assumpsit in which the plaintiff recovered a verdict of $2,094.40 against the defendant. The verdict was warranted by the testimony in the case and the charge of the court was plain and impartial. There does not appear to be any ground for a new trial or a reversal. The opinion refusing a rule for a new trial contains a citation of the cases applicable to the issue and they seem to support the judgment founded upon the verdict. We therefore dismiss the specifications of error and affirm the judgment on the clear and satisfactory opinion of the learned president judge of the common pleas.

Judgment affirmed.