## Jack's Estate

*Harold G. Ripple*, for exceptant.
*Charles W. Eaby*, contra.

APPEL, P. J., March 14, 1947.—Exceptions to the adjudication of this court filed in the above-entitled estate on February 13, 1947, raise the question that the court erred in sustaining an exception filed on behalf of Esther H. Barr to an item of credit in the executrix's account and in surcharging the accountant with the amount of $300.

By reason of these exceptions two points are before the court for discussion and consideration, namely: (1) May an accountant file exceptions to an adjudication of this court in which she is surcharged with a certain sum of money? (2) Was this court in error in surcharging the accountant with the amount of a credit claimed in her account?

As to the first exception, it is contended on behalf of exceptant to the item of credit in the executrix's account that after the court surcharged the accountant in its adjudication, the accountant could not challenge the alleged erroneous surcharge by exceptions filed to the adjudication. It is contended that the executrix is a mere stakeholder and also an agent of this court to

conduct the sale and bring the money into court for distribution, and whether or not said money is properly distributed by the auditing judge is immaterial to her. It appears to this court that the objections to the right of an accountant to file exceptions to the adjudication of this court in which she has been surcharged is untenable. If the accountant had no interest in the distribution of the balance of funds on hand for distribution, without any question of surcharge, the inability of the accountant to file exceptions as to amounts of money distributed would be undoubtedly correct. It is set forth in Powell's Estate, 3 Lehigh 115 (1908), and in Farrell's Estate, 1 D. & C. 128 (1921), that an executor may not file exceptions to an adjudication as to matters between legatees and next of kin in which he has no personal interest, and the exceptions must be filed by the legatees or next of kin who are personally interested in the manner and form of the distribution. Where, however, the orphans' court in its adjudication surcharges an accountant, the accountant certainly has a right to object to the surcharge and she has a personal interest to the extent of the surcharge.

As to the second part of the exceptions: Was the court in error in sustaining the exception filed to an item of credit in the account of the executor? The exceptions to the account, the sustaining of the exceptions and the surcharge of the accountant arose under the following circumstances:

Lucretia B. Jack, decedent, died in this county on March 20, 1946, a widow, leaving to survive no husband, children or descendants. She made a will dated December 15, 1945, in which she provided, "After my funeral expenses and all other just debts are paid I give and bequeath all of my property both real and personal unto my dear Niece Esther H. Barr." This will was duly admitted to probate in the office of the

register of wills of Lancaster County on March 30, 1946, and letters testamentary thereon were granted to Viella Stafford, a sister of decedent, who was the executrix named in the will.

On September 4, 1946, an inventory and appraisement of the personal estate of decedent amounting to $1,018.55 was duly filed. It then appeared that the personal estate would be insufficient for the payment of the debts of decedent and the administration expenses; and decedent having died seized of a farm containing approximately 58 acres of land in Colerain Township in this county, the executrix presented a petition to resort to the sale of said real estate for the purpose of paying decedent's debts, which, with the costs of administration, were alleged to aggregate $5,014.86.

On September 19, 1946, this court awarded the order of sale for said real estate for said purpose, which order was made returnable on October 24, 1946.

On October 30, 1946, the executrix made return to this court that she had sold said real estate at public vendue to J. T. Hastings for the sum of $11,400, which sale was confirmed nisi by this court on October 30, 1946. No exceptions or objections to the confirmation of said sale appear to have been made in any manner, and in due course the confirmation of the sale became absolute. Subsequently, on December 9, 1946, the first and final account of Viella Stafford, executrix, was filed, and came before this court for audit on January 20, 1947.

On January 4, 1947, on behalf of the residuary legatee and devisee under decedent's will, exceptions were filed to an item of credit claimed in said account, as follows: "November 30, Paid Harold G. Ripple, held for patent fees due Commonwealth of Pennsylvania $300."

It appears that on November 30, 1946, J. T. Hastings paid the balance of purchase price of the real estate

and the accountant properly charged herself with the whole amount of the purchase price of the real estate in her account, as confirmed by the court, amounting to $11,400.

It appears that after the return and confirmation of said sale to J. T. Hastings, an examination of the title to the real estate disclosed the fact that the patent fees due to the Commonwealth of Pennsylvania on some part, parts or portion of the whole of said real estate had not been paid, and consequently title from the Commonwealth of Pennsylvania for said real estate had not been secured; and the purchaser objected to paying for said real estate and taking title thereto unless the title from the Commonwealth of Pennsylvania would be properly secured, and for this reason the sum of $300 was agreed upon to be held by Harold G. Ripple, Esq., for such purpose. Mr. Ripple is the attorney for the accountant in this estate. This arrangement between the purchaser and vendor of said real estate appears to have been without any proceeding had within this court, or elsewhere. The arrangement was in effect an adjudication by the parties themselves without any authority by this court. As hereinbefore recited, this item of credit in the account was excepted to, and after the audit of said account and a hearing thereon, this court in its adjudication surcharged the accountant with the amount of money, namely $300, held for patent fees due the Commonwealth of Pennsylvania. This surcharge is now before this court by the exceptions filed to the adjudication on behalf of the accountant, and while the adjudication awards to Esther H. Barr, named in the will as residuary legatee and devisee, the sum of $6,588.58, this includes the surcharge of $300, to which exception has been filed—the award of this amount by way of distribution has not been excepted to. If the surcharge had not been made, the amount of money

awarded to Esther H. Barr would have been reduced by $300, and would have amounted to $6,288.58.

Section 6 of Rule XXIV of the Orphans' Court of Lancaster County, presently in force, provides: "All returns of sales or mortgaging of real estate shall be confirmed nisi when filed, and if no exceptions be filed within ten days thereafter, they shall be confirmed absolutely." It is admitted that no exceptions were filed by the purchaser of the real estate in question, or anyone else, and in due course the confirmation became absolute and has remained ever since.

As early as 1852 (see Sackett v. Twining, 18 Pa. 199) it was held that an orphans' court sale, whether in partition or for the payment of debts, is a judicial sale, and the rule of caveat emptor applies. In King v. Gunnison, 4 Pa. 171, it was held, "When the sale is confirmed by the court, the amount of the bid becomes due from the bidder"; and Sackett v. Twining, supra, held that the decree of confirmation in an orphans' court of a sale for payment of debts, fixes the amount of purchase money for which the executor must account, and that the confirmation is valid and binding in all collateral proceedings except for fraud.

"Upon the sale by an administrator under order of court for payment of the debts of a decedent, the liability of the purchaser for the amount of his bid is fixed by the return and confirmation and he cannot set up in an action to enforce it either a failure of title, misrepresentations by the administrator, or other matter attacking the validity of the sale. His day in court to make such objection is at the return of the sale, and if he submits to the decree of the court confirming it, he cannot afterwards be heard against it collaterally": Fahrig v. Schimpff, 199 Pa. 423 (1901); Dull v. Slater, 31 Pa. Superior Ct. 488. See also Smith et al. v. Wildman, 178 Pa. 245, 252 (1896); Diller's Estate, 3 Lehigh 15.

". . . The deed made in pursuance of the sale conveys only the title which the assignee held and which he sold. He has performed his duty officially and the appellant is in possession of, and has a good title to, what he purchased. . . . If the appellant desired relief under the facts set forth in his affidavit, . . . he should have presented his application to the court granting the order of sale before its confirmation": Snyder v. McLanahan, 203 Pa. 55, 64.

It appears to this court that under all the circumstances the present accountant had no right to enter into an amicable agreement with the purchaser that she would perfect the title and to make, in effect, a reduction in the purchase price for such purpose which she accomplished when she made a credit in her account, which is the subject of the objection to the account and for which she has been surcharged. The patent fees due to the Commonwealth of Pennsylvania do not appear to be a debt of decedent and a legal claim against his estate. Undoubtedly, there is a defect in the title to the real estate in the absence of a patent from the Commonwealth of Pennsylvania, the payment of the necessary patent fees and the payment of the necessary expenses for the purpose of fulfilling the requirements of the Commonwealth of Pennsylvania to obtain such patent.

It is possible that before the confirmation absolutely of the sale to the purchaser of the instant property involved in this transaction, this court, in the exercise of its equitable powers, might have been able to grant some relief in the premises, but after confirmation absolutely, it appears that this court is powerless.

As a matter of practical experience over a long period of years while in active practice, the judge of this court found on the day of settlement many questions of a minor variety which needed adjustment and modification, which were done by the amicable consent

of all parties in interest, including the residuary legatees or devisees. Apparently the residuary heir who was the exceptant to the item of credit in the account did not agree to this amicable settlement in regard to the title.

On behalf of the accountant there has been also filed a fourth exception to the adjudication of this court alleging that the court erred in not allowing as a credit in the account of Viella Stafford, executrix, the sum $225 paid to Henry Huth for a survey of the property in question. It does not appear that the executrix asked a credit for this item at the audit.

From the notes of audit it appears that after the sum of $300 had been paid to Harold G. Ripple for the payment of patent fees due the Commonwealth of Pennsylvania, which appears to be applicable to the same real estate mentioned in this opinion hereinbefore, Mr. Ripple wrote to the Attorney General of the Commonwealth, at whose instruction Mr. Ripple obtained Mr. Henry Huth, a registered surveyor approved by the Commonwealth, who made the necessary surveys and has submitted a bill for such surveying in the amount of $225. It appears to have been a requirement by the Commonwealth that a survey of the land is a prerequisite to obtaining the necessary patent for the land. The conclusion of said surveyor appears to be that the tract sold to J. T. Hastings is a part of the land for which three warrants were issued, as follows: (1) A warrant dated December 21, 1752, issued to John McConnell and Daniel McConnell for 8¾ acres, (2) a warrant issued March 15, 1767, to Daniel McConnell for 10½ acres, and (3) a warrant No. 702 issued December 29, 1752, to Gabriel Morrison for 30 acres. The sum of $225 for the necessary survey was a part of the sum of $300 impounded in the hands of Mr. Ripple. The expenses of the survey were incurred after the sale to J. T. Hastings had been confirmed absolutely by this court and after the deed for the

property had been delivered and the consideration therefore had been paid. In the effort on the part of Mr. Ripple to perform the duties placed upon him by the terms of the unauthorized amicable settlement, the employment of Mr. Huth had been made. It appears that the sum of $225 was a part of the sum of $300 which was placed in Mr. Ripple's hands and for which the accountant has been surcharged in the decision which the court has herein made. This exception likewise should be dismissed.

While this court has considered on their merits all the exceptions filed to its adjudication, the exceptions filed are fatally defective in that no exception was made to the award of $6,588.58 to the person who was to receive the residue of the estate, and as to the award the adjudication is absolutely confirmed.

For the foregoing reasons all of the exceptions to the adjudication of this court filed February 13, 1947. are dismissed.